UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

MAI T. NGUYEN,

Defendant.

CASE NO. 2:09-cr-00028-TL-1

ORDER ON WRIT OF CORAM NOBIS

This matter is before the Court on Defendant Mai T. Nguyen's petition for writ of coram nobis. Dkt. No. 33. Having reviewed the petition, the Government's response (Dkt. No. 35), Ms. Nguyen's reply (Dkt. No. 36), and the relevant record, the Court GRANTS the petition.

## I.    BACKGROUND

Defendant, Mai T. Nguyen, was born on November 19, 1978, in Vietnam. Dkt. No. 33 ¶ 3. When Ms. Nguyen was 13 years old, she emigrated to the United States, and on March 11, 2004, she became a lawful permanent resident ("LPR"). *Id.* ¶¶ 4–5.

ORDER ON WRIT OF CORAM NOBIS – 1

On January 28, 2009, a federal grand jury indicted Ms. Nguyen on federal drug charges, including conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and manufacturing marijuana in violation of 18 U.S.C. § 2. *Id.* ¶ 8. The Court appointed assistant federal public defender Michael Filipovic to represent Ms. Nguyen. *Id.* ¶ 9.

Ms. Nguyen advised Mr. Filipovic that she maintained LPR status and informed him that "she did not want to lose her status." *Id.* ¶ 11. Mr. Filipovic "told Ms. Nguyen that she would not lose her status." *Id.* ¶ 12. Ultimately, Mr. Filipovic negotiated with the Government to offer her a plea to a superseding information that charged her with misprision of a felony, in violation of 18 U.S.C. § 4. *Id.* ¶ 17. In counseling Ms. Nguyen to accept the plea, Mr. Filipovic advised her that "it would not affect her LPR status and she would not be deported." *Id.* ¶ 18. On March 12, 2009, Ms. Nguyen pleaded guilty to misprision of a felony. *Id.* ¶ 20. The Honorable Marsha J. Pechman, United States District Judge, sentenced Ms. Nguyen to two years of probation. *Id.* ¶ 23.

In 2011, after completing her probation, Ms. Nguyen moved from Washington to Texas. *Id.* ¶ 24. In October 2025, Immigration and Customs Enforcement ("ICE") agents detained Ms. Nguyen and initiated proceedings to remove her from the United States. *Id.* ¶ 23. The Department of Homeland Security ("DHS") charged Ms. Nguyen as a deportable noncitizen because of her conviction for misprision of a felony. *Id.* ¶ 27. DHS contended that Ms. Nguyen was removable under 8 U.S.C. § 1227(a)(2)(A)(i), which renders removable a noncitizen who has committed a crime involving moral turpitude within five years of their admission. *Id.* ¶ 27. In the Fifth Circuit, misprision of a felony is a crime involving moral turpitude, and immigration courts follow that precedent. *Villegas-Sarabia v. Sessions*, 874 F.3d 871, 878 (5th Cir. 2017).

On February 17, 2026, an immigration judge ordered Ms. Nguyen's removal. *Id.* ¶ 29.

ORDER ON WRIT OF CORAM NOBIS – 2

## II.    LEGAL STANDARD

"A writ of error coram nobis 'affords a remedy to attack a conviction when the petitioner has served [their] sentence and is no longer in custody.'" *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020) (quoting *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated in part on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010)). "Coram nobis is an 'extraordinary remedy' available 'only under circumstances compelling such action to achieve justice.'" *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)). To qualify for relief, a petitioner must satisfy four requirements: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

## III.    DISCUSSION

### A.    The First Three Requirements Are Satisfied.

Here, there is no dispute as to the first three requirements. The Government asserts that Ms. "Nguyen's petition satisfies the first and third factors" and admits that it "is also constrained to agree that Nguyen has met the second factor[.]" Dkt. No. 35 at 5–6.

### B.    Whether the Error is of the Most Fundamental Character

Here, the error at issue is the ineffectiveness of Ms. Nguyen's counsel during her criminal prosecution in 2009. Specifically, Ms. Nguyen asserts that Mr. Filipovic, her defense attorney, misadvised her about the immigration consequences of her pleading guilty to misprision of a felony. Mr. Filipovic "rendered ineffective assistance by affirmatively misrepresenting the law and advising Ms. Nguyen that a guilty plea to misprision of a felony would not result in her deportation." Dkt. No. 33 ¶ 56. In the Ninth Circuit, "[a]n 'affirmative misrepresentation

regarding immigration consequences' satisfies the fundamental error requirement" in a petition for coram nobis. *United States v. Phtsadakone*, 816 F. Supp. 3d 1212, 1224 (W.D. Wash. 2025) (citing *Kwan*, 407 F.3d at 1014, and *United States v. Chan*, 792 F.3d 1151, 1158 (9th Cir. 2015)). The question, then, is whether Ms. Nguyen's attorney made an affirmative misrepresentation regarding immigration consequences.

The Court answers the question by applying the two-part framework for analyzing ineffective assistance of counsel ("IAC") claims that the Supreme Court established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Phtsadakone*, 816 F. Supp. 3d at 1224–26 (applying *Strickland* test). Under *Strickland*, Ms. Nguyen must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 1224 (quoting *Strickland*, 466 U.S. at 694).

### 1.      Objective Standard of Reasonableness

Ms. Nguyen establishes her position by pointing first to *Kwan,* which held that an affirmative misrepresentation about the consequences of a guilty plea "is objectively unreasonable under contemporary standards for attorney competence." Dkt. No. 33 ¶ 63 (quoting *Kwan*, 407 F.3d at 1015). Next, Ms. Nguyen asserts that "counsel represented to Ms. Nguyen that the current state of the law in March 2009 indicated that a conviction for misprision of a felony did not have adverse immigration consequences and would not result in the loss of her LPR status or deportation." *Id.* ¶ 64. In Ms. Nguyen's explanation, Mr. Filipovic made this misrepresentation three times: first to Ms. Nguyen, then to the trial court at sentencing, and again to Ms. Nguyen's probation officer. *See id.* ¶¶ 64–67.

The Government does not dispute the substance of what Ms. Nguyen's attorney told Ms. Nguyen. Rather, the Government's position is that counsel's advice was not a misrepresentation

ORDER ON WRIT OF CORAM NOBIS – 4

at all, asserting that Ms. "Nguyen has not shown that her attorney gave her inaccurate advice about the immigration consequences of her guilty plea under Ninth Circuit law." Dkt. No. 35 at 8.

So, what was the state of the law in 2009, when Mr. Filipovic represented Ms. Nguyen and advised her about the immigration consequences of her guilty plea? The answer, as it turns out, is nuanced. The starting point is the Immigration and Nationality Act ("INA"), which provides that a noncitizen who "is convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable." 8 U.S.C. § 1227(a)(2)(A)(i). Ms. Nguyen was admitted into the United States on March 11, 2004; the crime to which she pleaded guilty, misprision of a felony, was committed within five years of her admission. Dkt. No. 33 ¶¶ 5, 20. The next question is whether misprision of a felony is a "crime involving moral turpitude."

Ms. Nguyen argues that the prevailing precedent at the time had been established in *Matter of Robles-Urrea*, 24 I. & N. Dec. 22 (BIA 2006), an administrative adjudication which held that "Misprision of a felony in violation of 18 U.S.C. § 4 . . . is a crime involving moral turpitude." *See* Dkt. No. 33 ¶ 68. The Government argues that that the relevant prevailing precent was given in *Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008), which—according to the Government—"stated unequivocally that 'the crime of misprision of a felony *does not involve moral turpitude.*'" Dkt. No. 35 at 8.

Given the relationship between administrative tribunals and the judicial circuits in which they sit—"[w]ith rare exceptions, the BIA [Board of Immigration Appeals] follows the law of the circuit in which an individual case arises," *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 350 n.10 (2005)—the Court finds that Ms. Nguyen presents the better argument. The Court agrees with the Government that Mr. Filipovic's advice regarding the immigration consequences

ORDER ON WRIT OF CORAM NOBIS – 5

of Ms. Nguyen's plea represented an accurate restatement of Ninth Circuit law. It was not, however, an accurate restatement of what might colloquially be called "the law of the land." *See, e.g.*, *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002) (concluding that "misprision of a felony is a crime of moral turpitude").[1] And it is doubtful—as the Government's position necessarily implies—that Ms. Nguyen only wanted advice that applied exclusively within the nine states and two territories of the Ninth Circuit.

It is material that the geographic scope of Mr. Filipovic's advice was limited to the Ninth Circuit. When Ms. Nguyen met with Mr. Filipovic after her arrest, she advised him that she "had obtained permanent residence status in 2004 and did not want to lose [her] status. [She] was very concerned that [she] would lose [her] permanent resident status and be returned to Vietnam." Dkt. No. 33-1 at 2–3 (Nguyen Decl.); *accord id.* at 8 (Filipovic Decl.). Mr. Filipovic's advice overlooked the reality that, based on its own precedent, the BIA might deem her deportable in a non–Ninth Circuit immigration court. Although the record does not indicate exactly what Mr. Filipovic advised Ms. Nguyen, the transcript of Ms. Nguyen's plea hearing provides an acceptable approximation. At that hearing, Mr. Filipovic told the court, "I have advised my client that a guilty plea to this offense, based on present law, would not result in a deportation order based on the laws that presently exist." Dkt. No. 33-1 at 43 (Hearing Tr.). But in an immigration court located outside of the Ninth Circuit, this might not have been true. Simply put, Mr. Filipovic was wrong.

The Government argues that "Counsel was under no obligation to opine on how other circuits might decide the issue on the off chance that Nguyen might choose to relocate outside

---

[1] Misprision of a felony is also considered a crime involving moral turpitude in the Fifth Circuit, but this holding only became binding precedent in that jurisdiction in 2017. *See Villegas-Sarabia v. Sessions*, 874 F.3d 871, 878 (5th Cir. 2017).

ORDER ON WRIT OF CORAM NOBIS – 6

the Ninth Circuit at some point." Dkt. No. 35 at 10. "Defense counsel," the Government asserts, "is not required to be clairvoyant and is not 'constitutionally required to predict' future events." *Id.* (quoting *Maryland v. Kulbicki*, 577 U.S. 1, 4 (2015)). That is not the issue. Mr. Filipovic unequivocally advised that Ms. Nguyen's guilty plea would not result in a deportation order *based on the laws that presently existed.* But the BIA's administrative precedent of *Robles-Urrea* existed. The Eleventh Circuit's holding in *Itani* existed. That was law that "presently exist[ed]," and Mr. Filipovic's advice was incompatible with it.

Moreover, the Government's argument evinces a fundamental misconception about interstate travel. The ability to move freely around the country is not a "future event" that needs to be "predicted." *See Eunique v. Powell*, 302 F.3d 971, 973 (9th Cir. 2002) (noting that "the constitutional right of interstate travel . . . is virtually unqualified" (quoting *Haig v. Agee*, 453 U.S. 280, 307 (1981) (citation modified)). Although permanent relocation is perhaps the most dramatic or consequential manifestation of such freedom of movement, the Government overlooks the fact that Ms. Nguyen would have faced the same exposure to adverse immigration consequences had she, say, visited Disney World—in the Eleventh Circuit—for a week and been subsequently detained there, as she did when she permanently moved to Texas. Surely Ms. Nguyen should have been able to rely on her counsel's "unequivocal" advice that a trip to Florida would not conclude with her being detained at an ICE facility and ultimately ordered out of the country.

Accordingly, the Court finds that Ms. Nguyen's counsel's representation fell below an objective level of reasonableness.

## 2.      Reasonable Probability of a Different Result

The Government concedes that, "If the Court were to find that defense counsel's performance was defective . . . [Ms.] Nguyen would likely prevail on the question of prejudice."

Dkt. No. 35 at 10 n.5. Consequently, Ms. Nguyen has satisfied both elements of *Strickland*, and she has successfully asserted an IAC claim.

**C.      Government's Motion to Strike**

On May 8, 2026, during the pendency of Ms. Nguyen's petition, the Government moved to strike a portion of Ms. Nguyen's reply brief. Dkt. No. 37. The Government argues that in Ms. Nguyen's reply brief, she "advance[s] a new theory of ineffective assistance . . . that was not raised in her coram nobis petition." *Id.* at 2. Specifically, the Government asserts, "In her reply, after reiterating her original ineffective-assistance claim (Dkt-36 at 1–3), Nguyen shifts gears and argues that counsel was ineffective because '[a]ny qualification about her removability and Ninth Circuit precedent *should have included a warning that she should not leave Washington State or the Ninth Circuit.*'" Dkt. No. 37 at 2.

This is not a "new" theory at all. As the Government admits in its motion, *the Government*—not Ms. Nguyen—first raised the issue of whether Mr. Filipovic should have advised Ms. Nguyen on the ramifications of a potential relocation out of the Ninth Circuit. *See id.* at 2 (quoting Dkt. No. 35 at 10 ("Counsel was under no obligation to opine on how other circuits might decide the issue on the off chance that Nguyen might choose to relocate outside the Ninth Circuit at some point.")). "Evidence submitted in direct response to evidence raised in the opposition . . . is not 'new.'" *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015). Ms. Nguyen appropriately responded to an argument that the Government raised in its opposition brief. But in any event, even if the Court saw things the Government's way, it would not decide Ms. Nguyen's petition differently. As discussed above, irrespective of whether Mr. Filipovic was obligated to discuss potential relocation with Ms. Nguyen, it was not reasonable for him to provide her with an "unequivocal" legal conclusion (*see* Dkt. No. 33-1 at 10) on an issue that was anything but.

ORDER ON WRIT OF CORAM NOBIS – 8

Accordingly, the Court DENIES the Government's motion to strike.

## IV.    CONCLUSION

Accordingly, Ms. Nguyen's petition for writ of coram nobis is GRANTED. It is hereby ordered:

(1)    Ms. Nguyen's guilty plea (*see* Dkt. No. 23) is VACATED.

(2)    The Government is DIRECTED to notify the Court within 60 days of how it wishes to proceed.[2]

(3)    The Government's motion to strike (Dkt. No. 37) is DENIED.

Dated this 13th day of July 2026.

Tana Lin
United States District Judge

---

[2] *See United States v. St Cyr*, 804 F. Supp. 3d 1, 6 (D.D.C. 2025) (vacatur of judgment restores defendant's innocence but does not resolve the underlying criminal charge); *see also Hewitt v. United States*, 606 U.S. 419, 431 (2025) ("A criminal defendant whose judgment of conviction has been vacated . . . is to be treated going forward as though he were never convicted," but vacatur does not inherently dismiss the underlying charge.).

ORDER ON WRIT OF CORAM NOBIS – 9